THE MECHANICS AND TRADERS BANK OF NEW ORLEANS *v.* ALEXANDER COMPTON and others.

Notice of protest must be directed to the post office nearest the residence of the person to whom it is sent. Even where a party has been in the habit of receiving his letters at different offices, and is proved to have had a box in the most distant of the two, notice of protest directed to the latter will be bad.

APPEAL from the District Court of St. Landry, *Willson,* J.

*Linton* and *I. E. Morse,* for the appellants.

*Lewis,* for the appellee.

MARTIN, J. The plaintiffs are appellants from a judgment in favor of the defendant, Walker, the endorser of the note sued upon, on the ground of want of due notice. Two objections were made to the notice : the first, that it was not put in the post office in due time ; the second, that it was not directed to the endorser, at the post office nearest to his residence.

The counsel for the plaintiffs contends, that it clearly appears from the notary's certificate that he made the protest on the sixth day of March, 1839. After stating that the letters were deposited in the post office, the notary adds that all was done in the presence of the witnesses ; and the act is subscribed on the day aforesaid. This appears to us conclusive.

The notice to the endorser was directed to him at the post office in Alexandria. It is in evidence that there is a post office at Cotile,

which is nearer to his residence. There is evidence of his receiving his letters and papers at each of these offices, and that he has a box at that of Alexandria. We are of opinion that when a party receives his letters and papers at two post offices, notices ought to be sent to the office nearest to his residence, even where it appears that he has a box in the other.